UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANKONA GRAHAM,

Plaintiff,

v.

UNITED STATES,

Defendant.

Case No. 2:26-cv-01326-GMN-EJY

SCREENING ORDER

On June 23, 2026, the Court screened Plaintiff Sankona Graham's First Amended Complaint ("FAC") under 28 U.S.C. § 1915A. (ECF No. 13.) The Court dismissed the FAC without prejudice and with leave to amend because it was a shotgun pleading that violated the requirement under Federal Rule of Civil Procedure 8 for a short and plain statement of Plaintiff's claims. (*Id.* at 4-5.) The Court also noted that it was possible that Plaintiff was bringing improperly joined claims, but that it was impossible to tell because the Court could not determine what claims Plaintiff was actually bringing against which Defendants based on what alleged actions. (*Id.* at 6-7.) The Court also denied Plaintiff's request for recusal. (*Id.* at 1-2.)

In response to the Court's Order, Plaintiff filed a document titled "Obliteration of (ECF No. 13) Showing Cause and Demanding Reconsideration and Justice." (ECF No. 15.) The Court construes this as a motion for reconsideration. Plaintiff has also filed a motion to stay the case and motion to provide clarity. (ECF Nos. 16, 17.) The Court will consider these filings in turn.

**A. Request for Reconsideration**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

In his request for reconsideration, Plaintiff notes that I previously recused myself from a different case that he filed so I should recuse myself in this case, as well. (ECF No. 15 at 1.) However, a judge may need to recuse for many different reasons, some of which have nothing to do with the plaintiff in a particular case. For example, in the case that Plaintiff cites, 2:24-cv-00790-ART-DJA, the basis for recusal was related to a prior legal representation (attorney-client relationship) with a defendant named in Plaintiff's prior case. However, that defendant is not named in this case. The same basis for recusal in the prior case does not exist in this case and Plaintiff does not provide any other valid basis to support recusal in this case.[1]

Plaintiff also asserts that the FAC is not a shotgun pleading and that it includes a short and plain statement of his claims. Plaintiff may be confused by the words short and plain and the requirements of Rule 8. Although Rule 8 requires a short and plain statement of the claims, that does not mean that a Plaintiff can simply assert that various defendants violated his rights without providing specific factual allegations. The Court explained in its Screening Order, that a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

As the Court noted in the Screening Order, Plaintiff alleges in the FAC that "various defendants conspired to deprive [him] of life," by "subjecting to HIV/AIDS; impersonating

---

[1] Plaintiff appears to allege that I have been replaced and possibly kidnapped by Darlene Yllas. (ECF No. 15 at 1.) Between the FAC and Plaintiff's other filings, he appears to allege a conspiracy to kidnap or murder various officials and judges and install replacements for them. However, no one has been kidnapped. As such, that assertion that Darlene Yllas is impersonating me is not a valid basis for recusal.

using falsely executed power of attorney; threatening; poisoning (drugging/gaslighting/hormones); kidnapping family and friends; sharing Plaintiff's mail, grievances, and personal information around facility …." (ECF No. 13 at 5-6.) These are not specific factual allegations that can support a claim. Rather, these are vague conclusory statements that do not make clear what claims Plaintiff is bringing against what defendants based on what alleged actions.

By way of illustration, a theoretical factual allegation that could support a claim is that on January 1, 1950, John Doe deliberately poisoned me by covertly mixing another inmate's prescription medication into my food. This theoretical allegation explains who the defendant is (John Doe), what the defendant did, and when he did it. This allows both the Court and the defendants to understand the basis of any claim arising out of that incident.

By contrast, Plaintiff's allegation that various defendants poisoned him through drugging, gaslighting, and hormones does not sufficiently explain Plaintiff's claim. It is not clear which defendants Plaintiff believes poisoned him, how they poisoned him, when they poisoned him, or how any particular defendant was involved. As explained in the Screening Order, "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," is an improper shotgun pleading. *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026).

Although a complaint does not need to include all the factual allegations relevant to a case, it must provide enough detail for the Court and the Defendants to understand both what claims Plaintiff is bringing and the factual basis for those claims. Plaintiff's request for reconsideration does not set forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. Therefore, his request is denied.

**B. Motion to Stay Case**

In his motion to stay the case, Plaintiff states that the Honorable Richard F.

Boulware is better suited to handle this case. (ECF No. 16.) He states that the case must be stayed, that the judges involved must recuse themselves, and that the case must be transferred to Judge Boulware for further proceedings. (*Id.*) The Court has already denied Plaintiff's request for recusal, and it now denies Plaintiff's request for reconsideration of that denial. Plaintiff has not provided any valid basis for recusal or for a stay. Furthermore, even if recusal was warranted, the case would be reassigned at random to another judge, not directly assigned to Judge Boulware. Plaintiffs may not choose the judge they prefer. Accordingly, Plaintiff's motion for a stay is denied.

**C. Motion Providing Clarity**

Plaintiff has filed a motion to provide clarity regarding his request to stay this case. (ECF No. 17.) In his motion, he states that this case is similar, but legally distinct, from another pending case before Judge Boulware. (*Id.* at 1.)

It is not clear yet what claims Plaintiff is even attempting to bring in this case and so it is not clear whether this case is duplicative of any other pending case, including the case before Judge Boulware. However, the Court notes that "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotations omitted) (collecting cases), overruled in part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008). Therefore, a complaint that "merely repeats pending or previously litigated claims" may be dismissed as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Chavez v. Hawaii Dep't of Pub. Safety*, No. 1:19-CV-00565 DKW-RT, 2019 WL 5431310, at *2 (D. Haw. Oct. 23, 2019) (collecting circuit court cases to establish that courts "may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case"). The Ninth Circuit has noted that "[d]ismissal of [a] duplicative lawsuit . . . promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*, 487 F.3d at 692–93 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Therefore, if this case is duplicative of another pending case, it may be dismissed as duplicative.

**D. Deadline for Second Amended Complaint**

The Court has denied Plaintiff's motions for reconsideration and for a stay. However, the Court's original deadline for a second amended complaint has passed. Therefore, the Court extends the deadline for Plaintiff to file a second amended complaint until November 13, 2026.

## II. CONCLUSION

For the foregoing reasons, it is Ordered that Plaintiff's requests for reconsideration, a stay, and to provide clarity (ECF Nos. 15, 16, 17) are denied.

It is further Ordered that the deadline for Plaintiff to file a second amended complaint is extended until November 13, 2026. If Plaintiff fails to file a second amended complaint by that deadline, this case will be subject to dismissal.

DATED THIS 14 day of October 2026.

Gloria M. Navarro, Judge
United States District Court